UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN LYNN DEEM** | **:** | **DOCKET NO. 17-cv-1190** |
| **REG. # 16418-035** | | **SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **CALVIN JOHNSON, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint [doc. 5] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Steven Lynn Deem, who is proceeding *pro se* and *in forma pauperis* in this matter. Deem is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** and the matter be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), with the dismissal counting as a strike under 28 U.S.C. § 1915(g).

### I.
#### BACKGROUND

Deem states that he submitted a request to use Trulincs, the inmate electronic messaging service, to the Evangeline unit manager on January 27, 2017. Doc. 5, p. 3. According to Deem, the

unit manager, unit associate warden, unit counselor, and unit case manager all approved his request. *Id.* In a memorandum from the unit manager to the unit warden requesting Trulincs access for Deem, the unit manager noted that, according to BOP Program Statement 4500.11, an inmate could not be restricted from Trulincs "simply based on a current or prior sex offense conviction" and that instead, "only inmates whose offense conduct, or other personal history, indicates a propensity to offend through the use of electronic messaging should then be seriously considered for restriction." Doc. 1, att. 2, p. 2. She went on to describe Deem's offense conduct as follows:

> An investigation conducted by the Louisiana Attorney General's High Technology Crimes Unit indicated Steven Deem was responsible for uploading child pornography. The investigation also determined Steven Deem had produced and posted a video to www.youtube.com. In the video, Deem provided his views about children and sex and also included images of nude and semi-nude boys. A subsequent search warrant was executed at Deem's residence and 43 images of child pornography were found on his computer. Upon further question, Deem admitted to searching for and obtaining child pornography from the internet along with posting the video.

*Id.* at 3. The unit manager then stated that the Evangeline Unit Team requested that Trulincs access be approved for Deem. *Id.* However, the warden, Calvin Johnson, denied the request. *Id.*; doc. 5, p. 3. Deem appealed through the BOP's administrative remedy procedure, alleging that Johnson's denial violated BOP Program Statement 4500.11. Doc. 5, p. 3; *see* doc. 1, att. 2, pp. 4–12. In response to the first appeal, Johnson justified his decision as follows:

> Due to the nature of your offense and personal history, specifically the creation and utilization of a video, the video could evidently be construed as a solicitation mechanism to accomplish offensive conduct with potential victims vulnerable to persuasive propaganda.

Doc. 1, att. 2, p. 6. Accordingly, he denied the request for administrative review, as did the BOP's regional director. *Id.* at 7, 10. Deem attaches a copy of his central office appeal, the final step of administrative review with the BOP, but does not show any decision on that appeal. *See id.* at 12.

Deem now seeks relief in this court, naming as defendants Johnson and the BOP officers who handled his appeals at the regional and central offices. Doc. 5, p. 3. He requests injunctive relief, in the form of access to Trulincs, and monetary damages in the amount of "$30,000 plus expenses." *Id.* at 4.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Deem has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*,

993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980) ("The effect of Bivens was, in essence, to create a remedy for federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials.") In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Theories of the Complaint*

Relevant to Deem's complaint, BOP Program Statement 4500.11 provides, as stated above, that "[a]n inmate's exclusion from participation [in Trulincs] must be based on their individual history of behavior that could jeopardize the legitimate penological interests listed above," and that "[i]nmates must not be excluded from participation based on general categorizations of previous conduct." BOP Program Statement 4500.11, § 14.9(a), *available at* https://www.bop.gov/policy/progstat/4500_011_CN-1.pdf. However, the same section goes on to provide, under a subsection entitled "Sex Offenders," that an inmate "whose offense, conduct, or other personal history indicates a propensity to offend through the use of email . . . should be seriously considered for restriction." *Id.* at § 14.9(a)(1).

We surmise that Deem is alleging either a due process or equal protection violation from the denial of his request for Trulincs access. As multiple courts have recognized, use of the Trulincs system is merely an institutional privilege and not a constitutionally protected right. *Larson v. Mejia*, 2015 WL 9243812 at *4–*5 (N.D. Tex. Nov. 9, 2015) (and cases cited therein); *see also Hoffman v. Fed. Bureau of Prisons*, 2013 WL 5529612 at *4 (S.D. Ill. Oct. 7, 2013). Accordingly, Trulincs usage may be limited at the warden's discretion without due process

restrictions. *Larson*, 2015 WL 9243812 at *5. Thus, any due process claim relating to the defendants' decisions in this matter would fail.

To the extent that Deem would allege an equal protection violation, he must be aware that sex offenders are not considered a suspect class. *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014). Therefore he would be required to show that his Trulincs restriction was not rationally related to a legitimate government objective. *See, e.g.*, *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998). Even if Deem could show that restriction on Trulincs access infringed on a fundamental right, the prison would only be required to show that the restriction was reasonably related to a legitimate penological interest. *See Larson*, 2015 WL 9243812 at *6 (citing *Solan v. Zickefoose*, 530 Fed. App'x 109, 110–11 (5th Cir. 2013). Any such claim would fail, as it is easy to discern a legitimate penological interest/government objective in restricting email access for potentially predatory offenders, and to see a rational and reasonable relationship between that interest and the BOP policies as applied in Deem's case. Furthermore, to the extent that Deem might allege discrimination as a "class of one," this would likewise fail, as his complaint and supporting documentation do not show that he was singled out for different treatment for no rational reason. *See Hoffman*, 2013 WL 5529612 at *4 (citing *Vill. of Willowbrook v. Olech*, 120 S.Ct. 1073 (2000)). To the contrary, Deem's pleadings and exhibits demonstrate that the warden considered his offense conduct and made a reasoned decision to deny him email access based on his history.

Accordingly, Deem cannot show any constitutional injury in connection with consideration and denial of his Trulincs request. His claims should thus be dismissed as both frivolous and failing to state a claim on which relief may be granted.

### III.
### CONCLUSION

Ordinarily, a *pro se* litigant should be given the opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott*, 136 F.3d 1054, 1054 (5th Cir. 1998). Opportunity to amend is not required, however, if the petitioner has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Here no amendment could cure the non-constitutional nature of Deem's claims.

Accordingly, **IT IS RECOMMENDED** that this *Bivens* action be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as frivolous and failing to state a claim on which relief may be granted. The dismissal should thus count as a strike under the provisions of 28 U.S.C. § 1915(g).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE